FILED
SUPERIOR COURT
OF GUAM

2020 AUG 28 PM 4: 58

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO.: CF0270-19 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER RE:** |
| | ) | **DEFENDANT'S MOTION FOR** |
| SEBASTIAN MARTIN, | ) | **SUPPLEMENTAL DISCOVERY** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Sebastian Martin's ("Defendant" or "the Defendant") Motion for Supplement Discovery ("Motion") filed on June 5, 2020.[1] Defendant is represented by Attorney Mark Williams. The People of Guam ("People") did not file an Opposition, however, the Court must nevertheless consider the merits of the Motion.[2] Having considered the arguments set forth in the Motion and the applicable law, the Court now issues the following Decision and Order **GRANTING** Defendant's Motion for Supplemental Discovery.

---

[1] The Court ordered mutual discovery in this matter be exchanged pursuant to 8 GCA §§ 70.10 and 70.25, and any motions regarding discovery issues be filed by June 15, 2020. Crim. Trial Sched. Ord. (Jun. 25, 2019).

[2] See *Petition of Quitigua v. Flores*, 2004 Guam 19 ¶ 27. Furthermore, pursuant to CR.1.1, as supplemented by CVR 7.1, the People's Opposition was due by July 3, 2020. No Opposition was filed by July 3, 2020.

## BACKGROUND

On May 6, 2019, Guam Police Department Officers ("Police") responded to a report of a traffic accident in Tamuning. Upon arriving at the accident scene, Police noticed Defendant's white 2015 GMC Sierra ("Sierra") had sustained rear-end damage. Police also noticed that Pyoyoon Hong's ("the Victim") gray 2012 Nissan Versa ("Versa") had sustained frontal-damage. The Police interviewed both Defendant and Victim. Defendant claimed that the Victim made several attempts to run him off the road and ultimately ended up rear-ending his Sierra. The Victim claimed a different set of events occurred.

The Victim stated that he was traveling north on Marine Drive when he noticed Defendant repeatedly honking at him. The Victim stated Defendant then cut in front of him and came to a sudden stop. The Victim stated he suddenly stopped to avoid rear ending Defendant. The Victim then alleges that after stopping, he reversed to give Defendant room to leave; however, Defendant reversed and backed into him.

The Victim's Versa had a functioning dashboard camera that recorded the incident's events as they occurred. The Police reviewed the dashboard camera footage ("Footage") and concluded that the Footage was consistent with the course of events described by the Victim. Defendant was subsequently charged with CRIMINAL MISCHIEF (As a Third Degree Felony) and RECKLESS DRIVING WITH PROPERTY DAMAGE (As a Petty Misdemeanor).

On June 19, 2019, the People provided an initial discovery response to Defendant and informed him of their intention to seek admission of all evidence in their possession. Based on a police report filed in this matter, the Footage and records of Defendant's written statement to the Police were taken into evidence. Defendant claims these items are in the People's possession but have not been disclosed through the discovery process. As such, Defendant requests the Court to

order the People to disclose all discoverable material not yet disclosed, including, but not limited to, a copy of the Footage and a copy of any written statements made by Defendant to the Police regarding the instant matter.

## DISCUSSION

The Guam statutory scheme governing discovery in criminal cases is found under 8 GCA Chapter 70. The scheme generally provides that at any time after Defendant's first appearance, or Defendant's motion, the Court is mandated to order the prosecuting attorney to disclose *inter alia* (1) any written and recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one, and (2) any book, paper, or document, photograph, or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant. *See* 8 GCA §§ 70.10(a)(2) and (a)(4). With regard to the scope of the prosecutor's obligation under Section 70.10(a), Section 70.10(b) provides:

> "the prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office."

8 GCA § 70.10(b).

The Guam Supreme Court has held the Guam discovery statutes are tailored toward "expediting cases through the elimination of judicial supervision." *People v. Tuncap*, 1998 Guam 13, ¶ 32 (1998). Accordingly, the Supreme Court interprets the Guam discovery statutes broadly and recognizes that prosecutors and defense counsels should approach discovery in a cooperative manner. *Id.* at ¶ 17.

Defendant's Motion contains requests the Court to order the People to supplement their discovery disclosure with two (2) specific items: 1. a copy of the Footage and 2. a copy of any written statements made by Defendant to the Police. Generally, there is no constitutional right to discovery in a criminal case. *Weatherford v. Burnsey*, 429 U.S. 545, 559 (1977). "[T]he right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." *People v. Orallo*, 2004 Guam 5 ¶ 9 (quotation marks and citations omitted).

After reviewing Defendant's requests with the enumerated provisions in 8 GCA Chapter 70, the Court finds Defendant has the statutory right to a copy of the Footage and a copy any written statements he made to the Police. The record in this matter indicates the Footage and Defendant's written statements made to the Police were taken into evidence and hence in the People's possession. Furthermore, the People have not stated that they are not in possession of the items requested by Defendant. Therefore, because the People have indicated their intention to use all the evidence in their possession, the Court holds Defendant's supplemental request to be proper under 8 GCA §§ 70.10(a)(2) and (a)(4).[3]

The Court encourages the Parties to address discovery disputes, to the extent possible, without Court intervention in the future. 8 GCA § 70.10 is clear about what discovery the Defendant is entitled to. Finally, the Court also reminds the parties that pursuant to 8 GCA § 70.40, "[i]f, prior to or during a trial, a party or his attorney discovers additional material or information discoverable information previously requested or ordered, which is subject to

---

[3] The Court holds that any written statement made by Defendant to the Police satisfies the criteria set forth in 8 GCA § 70.10(a)(2) and is thus discoverable upon noticed motion by Defendant. In addition, the Court holds that the Footage satisfies the criteria set forth in 8 GCA § 70.10(a)(4) and is also discoverable upon noticed motion by Defendant.

disclosure under this Chapter, he shall promptly notify the other party or his attorney or the court of the existence of the additional material or information." 8 GCA § 70.40.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Supplemental Discovery.

**SO ORDERED THIS** _____ 2 8 AUG 2020 _____.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Abi Mark Williams

Date: 8/28/20 Time: 5:05

Deputy Clerk, Superior Court of Guam